IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Davonta Williams,<br><br>Plaintiff,<br><br>v.<br><br>Lt. Marquita McCullough, F. Legrant, Brittni Anderson, S. McCoy,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 8:26-cv-02218-SAC-WSB<br><br>**OPINION AND ORDER** |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. ECF No. 12. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings. The Report recommends summarily dismissing Defendant Brittini Anderson ("Anderson") and Defendant S. McCoy ("McCoy") from this action. Plaintiff Davonta Williams ("Williams") agrees with the Magistrate Judge's Report.

## BACKGROUND

Williams, proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 against Defendants regarding events that occurred at the Lee Correctional Institutions ("LCI") on October 8, 2025. ECF No. 1. Williams alleges he was deprived of his rights when he was intentionally left inside his cell after he started a fire, and suffered injuries as a result. *Id.* at 5-6. Williams also contends his injuries were not properly treated. *Id.* at 6. For relief, Williams seeks monetary damages. *Id.*

On July 10, 2026, the Magistrate Judge issued a Report recommending Anderson and McCoy be dismissed. ECF No. 12. The Report concludes that Williams sufficiently alleged facts to state a claim that is plausible, at this stage, against Defendant Lt. Marquita McCullough

("McCullough") and Defendant F. Legrant ("Legrant"). *See* ECF No. 12 at 6. The Magistrate Judge, therefore, authorized service of process as to those defendants. ECF No. 10. The Report finds, however, that Williams has alleged no substantive facts against Anderson and McCoy, merely naming them in the caption and making general, vague allegations about his claims. ECF No. 12 at 6-7. The Report also finds that, to the extent Williams names Anderson and McCoy based on a theory of supervisory liability because of their respective positions at LCI, Williams fails to allege facts to establish such claim. *Id.* at 7-8.

The Magistrate Judge advised Williams of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 10. On August 11, 2026, Williams filed a document titled "Objections to the Report and Recommendation" that, in actuality, agreed with the Report's recommendation to dismiss Anderson and McCoy from this action. ECF No. 21 at 2.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation" (citation modified)).

## ANALYSIS

As discussed in detail in the Report, the Complaint contains no allegations indicating that either Anderson or McCoy was personally involved in the events giving rise to Williams's claims. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (citation modified)). Mere inclusion of their names in the caption of the Complaint or reference to their potentially supervisory positions is insufficient to state a plausible claim for relief under § 1983. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 397 (4th Cir. 1990); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Because Williams does not plead Anderson or McCoy were personally involved in the deprivation of his rights, which he concedes, the Court adopts the Report's analysis and recommended dismissal of those defendants.

## CONCLUSION

Considering the record in this case, the applicable law, the Report, and Williams's concession, the Court finds no clear error and accepts the recommendation of the Magistrate Judge and incorporates the Report by reference. Accordingly, this action is **DISMISSED** against Anderson and McCoy without prejudice and without issuance and service of process. The case shall proceed against Defendants McCullough and Legrant.

**IT IS SO ORDERED**.

United States District Judge

August 25, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.